United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| DANIEL K., "Petitioner," | § | |
| v. | § | Civil Action No. 1:26-cv-00146 |
| ROBERT CERNA, *et al*., "Respondents." | § | |

**ORDER**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), the Magistrate Judge's "Report and Recommendation to Deny Petitioner's Habeas Petition" (Dkt. No. 13) ("R&R"), and "Petitioner's Objections to the Report and Recommendation" (Dkt. No. 14) ("Objections").

The R&R recommends that the Court: (1) deny the Petition (Dkt. No. 1), (2) grant Respondents' Motion for Summary Judgment (Dkt. No. 9), (3) deny as moot Petitioner's pending "Motion[s] for Prompt Ruling" (Dkt. Nos. 11 & 12), and (4) direct the Clerk of Court to close this case. Dkt. No. 13 at 2.

When a party objects to a magistrate judge's report and recommendation, the Court reviews the matter de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Petitioner primarily objects to the R&R's conclusion regarding the viability of his constitutional claims. *See generally* Dkt. No. 14. Having reviewed the matter de novo, the Court finds that Petitioner's prolonged detention cannot be relieved by this Court.

The scope of Petitioner's due process rights is limited by the entry fiction doctrine, under which certain physically present aliens are treated as though they were "detained at the border" and therefore possess only limited due process protections. *See Gisbert v. U.S. Atty. Gen.*, 988 F.2d 1437, 1440 (5th Cir. 1993). Because Petitioner is an alien stopped at the threshold, whose "claims arise in the context of immigration [,]" the entry fiction applies, *Castro v. Cabrera*, 742 F.3d 595, 600 (5th Cir. 2014), and Petitioner is entitled only to the due process protections provided by statute. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). The parties' filings

indicate that Petitioner was apprehended at the border on the same day he entered the United States and has been detained since that apprehension. Dkt. No. 1 at 4; Dkt. No. 9-1. The circumstances of Petitioner's apprehension and detention thus place Petitioner in the position of a non-entrant alien who lacks access to the extra-statutory due process rights his Petition invokes.[1]

For these reasons, the Court **OVERRULES** Petitioner's Objections (Dkt. No. 14) and **ADOPTS** the R&R (Dkt. No. 13). Respondents' "Motion for Summary Judgment" (Dkt. No. 9) is hereby **GRANTED** and the Petition (Dkt. No. 1) is **DENIED**. Petitioner's pending motions (Dkt. Nos. 11 & 12) are further **DENIED as moot**. The Clerk of Court is **INSTRUCTED** to close this case.

SIGNED this October 15, 2026

Rolando Olvera
United States District Judge

[1] Petitioner is permissibly detained under 8 U.S.C. § 1225(b)(2), *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026)—a statute that mandates detention and admits of no discretion to provide an individualized bond hearing outside the statutory scheme.